# Commonwealth v. Sharpe

*Richard A. Hernan,* for the commonwealth.

*James C. Blackman,* for defendant.

WOLFE, *P.J.,* October 24, 1988 — A jury convicted defendant on September 22, 1988, of violation of the Motor Vehicle Code, section 3731(a)(1) of operating a motor vehicle while under the influence of alcohol. Defendant has filed timely post-trial motions for a new trial and arrest of judgment.

The factual background is founded in the activities of the Warren County DUI team. On April 9, 1988, at 12:25 a.m. Deputy Sheriff Walker and his companion, Deputy David English, were patrolling the highways and observed defendant operating his vehicle on Route 6 in an easterly direction at a high rate of speed. The deputies, traveling in the opposite direction, turned and pursued defendant's vehicle over one-fourth of a mile, observing no lights on the back of his truck and observed him pass a car in "no pass zone" as well as a tractor-trailer tanker. At the stop scene defendant was administered two field so-

briety tests which, in the deputies' opinion, defendant failed. They testified defendant had difficulty in finding his registration and license, had a strong odor of alcohol emanating from his breath, his eyes were watery, and he swayed as he walked. Both expressed an opinion defendant was under the influence to the degree that he was incapable of safe driving.

Defendant was taken to the Warren General Hospital and was requested to submit to a blood extraction to test his blood alcohol level. According to the testimony, defendant advised the deputies he was afraid of AIDS and no one would poke him with a needle, refusing to submit to the examination. Thereafter, defendant was taken to the Warren County Jail where he admitted he had consumed three beers at the Clarendon VFW Club.

Defendant's testimony was substantially to the contrary. He admitted the operation of the vehicle at that hour of the morning, acknowledged he was at the Vets' Club for two and one-half hours and had consumed three beers; however, he stated he drove his vehicle in a normal fashion, denied he executed a vehicle pass in a no-passing zone, stated he was not under the influence to any degree, did not fail the two field sobriety tests administered to him, and was a safe operator.

Defendant stated he was not advised his license would be revoked for a period of one year if he refused to submit to the blood extraction but did acknowledge on the way out of the hospital he was so advised and consented thereto, but the deputies told him it was too late in that he had previously refused.

After defendant was released from jail custody, he returned to the hospital and submitted to the blood extraction which indicated he had a blood-alcohol content of .074.

Defendant offered to submit the blood-alcohol results as a defense in his case-in-chief, and upon objection by the commonwealth we sustained the objection on the grounds the evidence was irrelevant in that defendant was not charged under section 3731(a)(4) which prohibits a person to drive, operate or be in the actual physical control of the movements of any vehicle while the amount of alcohol by weight in the blood of the person is 0.10 percent or greater.

Defendant argues we erred in this omission, relying on section 1547 of the Motor Vehicle Code in that it was relevant evidence in his defense. To submit to the factfinders a blood-alcohol content of .074 raises no presumption but the results may be considered with other relevant evidence in determining if he were operating while under the influence.

Section 1547(d) addresses presumptions from amount of alcohol. If chemical testing of a person's breath, blood or urine shows:

"(1) That the amount of alcohol by weight in the blood of the person tested is 0.05 percent or less, it shall be presumed that the person tested was not under the influence of alcohol and the person shall not be charged with any violation under section 3731(a)(1) or (4) (relating to driving under influence of alcohol or controlled substance), or if the person was so charged prior to the test, the charge shall be void ab initio. This fact shall not give rise to any presumption concerning a violation of section 3731(a)(2) or (3).

"(2) That the amount of alcohol by weight in the blood of the person tested is in excess of 0.05 percent but less than 0.10 percent, this fact shall not give rise to any presumption that the person tested was or was not under the influence of alco-

hol, but this fact may be considered with other competent evidence in determining whether this person was or was not under the influence of alcohol.

· "(3) That the amount of alcohol by weight in the blood of the person tested is 0.10 percent or more, this fact may be introduced into evidence if the person is charged with violating section 3731."

We refused admission of the proffered evidence because defendant was not charged under section 3731(a)(4).

Our research has not revealed any cases that permit one charged of operating while under the influence limited to section 3731(a)(1) to submit evidence of blood alcohol content under section 3731(a)(4). Equally, defendant has not submitted any case to us so holding.

Our reading and interpretation of section 1547 does not support defendant's position. This section determines that one who drives, operates or is in actual physical control of the movements of a motor vehicle has consented, when requested, to submit to chemical tests of breath, blood or urine for the purpose of determining the alcohol content of the operator's blood. The penalty in refusing to do so is a 12-month suspension of the accused's operating privileges. Particularly section 1547(c) is revealing:

"In any summary proceeding or criminal proceeding in which defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence."

It is clear subsection (c) requires the defendant to be charged with "a violation of section 3731." There is no language or fair inference therefrom in section 1547 that, notwithstanding the particular subsection charge of 3731, defendant is permitted to submit his blood alcohol testing results. To do so results in an accused identifying the charge upon which he shall be prosecuted and structure a defense thereto despite the commonwealth's burden to prove the charge it elected to file. We therefore hold section 1547 is not applicable unless defendant is charged under section 3731(a)(4). We find no nexus between section 1547 and section 3731(a)(1) that the legislature intended a complete merger of section 1547 and section 3731. Legislative fiats must be read in pari materia; however, this does not permit an amalgamic result.

Our research has directed this conclusion in *Commonwealth v. Gonzalez,* 518 Pa. 649, 546 A.2d 26 (1988). This case, although not addressing the issue sub judice, strongly dictates our conclusion. In *Gonzalez, supra,* the issue was the relevancy of the arresting officer's testimony regarding absorption of alcohol into the blood stream and the rate of elimination of alcohol from the human system. In *Gonzalez, supra,* defendant was charged with violation of both sections 3731(a)(1) and 3731(a)(4) and the court said this:

"Just as the evidence of bloodshot eyes, stuporous conduct, unsteady posture and an odor of alcohol was relevant and admissible, the testimony of Corporal McGonigal was admissible and advanced the inquiry with respect to the charge against the appellant that he violated section 3731(a)(1) by driving under the influence of alcohol. That testimony, though, was inadmissible and not probative of the

charge against the appellant that he was driving with a blood alcohol content of .10 percent or more in violation of section 3731(a)(4). Since the charge under section 3731(a)(4) requires proof that the appellant was driving with a blood alcohol percentage of .10 or greater, the testimony of Corporal McGonigal that he could have had a .125 blood alcohol percentage if we assume his blood alcohol level peaked prior to the accident does not advance the inquiry and is inadmissible for the purposes of that offense."

Next, defendant's reliance on section 1547(c) is misplaced. This subsection does permit the blood alcohol result to be admissible in evidence; however, section 3731 and its respective sub clauses limits the admissibility to a charge under section 3731(a)(4) by the commonwealth, and there is no fair inference the legislature intended any other result.

Finally, we also hold, notwithstanding our conclusion, nonetheless, defendant's return to the hospital approximately one hour after he initially left the hospital flaws the admission of his blood alcohol content in that there was no offer of expert testimony to interpret the blood alcohol content level at the time the deputies initially requested the extraction; this, all in keeping with *Commonwealth v. Gonzalez, supra*.

For these reasons we conclude we did not err in refusal of the proffered blood alcohol content of defendant and enter the following

## ORDER

And now, October 24, 1988, we deny defendant's post-trial motions.